COMMONWEALTH *vs.* STEPHEN MURPHY.

In the trial of a complaint against a man for an assault and battery upon his wife, she is a competent witness in his favor.

COMPLAINT for an assault and battery by the defendant on his wife. At the trial in the superior court, the defendant called his wife as a witness in his favor, but *Lord,* J. excluded her. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. D. Beach,* for the defendant, cited 1 Greenl. Ev. § 336; 2 Russ. on Crimes, 986; *State* v. *Neill,* 6 Alab. 685; *Rex* v. *Serjeant,* Ry. & Mood. 352.

*Foster,* A. G., for the Commonwealth. The wife of the defendant was properly excluded as a witness in his behalf. 1 Archb. Crim. Pl. & Pr. 153. 2 Hawk. *c.* 46, §§ 70, 71. 1 Greenl. Ev. § 343. *Soule's case,* 5 Greenl. 407. The doctrine laid down in 1 Greenl. Ev. § 336, that in all cases where husband and wife are admissible against each other they are also admissible for each other, is contrary to the established understanding and practice of the courts in this commonwealth, and rests upon slight authority. The only cases cited in its support are *Rex* v. *Perry,* Bristol, 1794, which was a prosecution for forcible abduction, and the fact of a legal marriage was denied by the government; *Rex* v. *Serjeant,* Ry. & Mood. 352, where the question was not properly before the court, and was not argued by counsel; and *State* v. *Neill,* 6 Alab. 685, which follows *Rex* v. *Serjeant,* without reviewing the other authorities.

DEWEY, J. The exception to the general rule, excluding the wife as a witness for or against her husband, grew out of the necessity of the case, partly for the protection of the wife from personal violence, and partly for the sake of public peace, in a case where threatened or actual violence upon her person was charged against the husband.

The original objects that were to be effected by allowing the wife to be a witness against her husband in cases of personal

violence upon her do not seem to require the extension of the exception so far as to allow her to be a witness for her husband on the trial of an indictment against him for an assault upon her, where the government have other testimony to sustain the charge ; and as a new question we should have some doubts as to the correctness of the doctrine contended for by the defendant. But the elementary books on criminal law all seem to recognize and adopt the rule that, in all cases where a wife may be called as a witness against her husband, she may also be used as a witness in his favor. This proposition was stated in the case of *Rex* v. *Serjeant*, 1 Ry. & Mood. 352, as one that had been held in the case of *King* v. *Perry*, not elsewhere reported. Abbott, C. J., in stating that case, states his concurrence therein, and that there is no distinction between admitting the wife to testify for or against her husband, and that if competent in the case for one purpose, she is equally so for the other.

Such is stated to be the rule as to her competency, in 2 Russ. on Crimes, 986. 1 Greenl. Ev. § 336. In view of these authorities, the court are of opinion that the wife of the defendant was a competent witness, and might be called as such by the defendant upon the trial of a complaint for an assault and battery upon her. *Exceptions sustained.*